FILED

2012 JUL 18 PM 2: 32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1   DAVID S. VOGEL SBN 256241
2   1026 Palm Street, Suite 214
    San Luis Obispo, California 93401
3   Telephone: (805) 540-7100
    Email: DSVogel@earthlink.net
4   MARK R. FEESER SBN 252968
5   3940-7174 Broad Street
    San Luis Obispo, California 93401
6   Telephone: (805) 542-0189
    Email: Mark.R.Feeser@gmail.com

7   Attorneys for Plaintiff Rodi'a Monterroso-Bragg

8
9                IN THE UNITED STATES DISTRICT COURT

10              FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                                      CV12-6192 —GHK
                                              ( VBKx)
12  RODI'A MONTERROSO-BRAGG,          )  Case No.:
13         Plaintiff,                 )
                                      )  COMPLAINT FOR VIOLATION
14         vs.                        )  OF CIVIL RIGHTS
15  Officer JEFFRY BROMBY; CITY OF    )  JURY TRIAL DEMANDED
16  EL PASO DE ROBLES (hereinafter    )
    "PASO ROBLES"); Acting Police     )
17  Chief ROBERT BURTON; Former       )
18  Police Chief LISA SOLOMON; City   )
    Manager JAMES L. APP, and DOES 1  )
19  through 10, inclusive,            )
20         Defendants                 )

21                        INTRODUCTION

22      On July 30, 2010, Paso Robles Police Officer JEFFRY BROMBY

23  ("BROMBY") used excessive force in arresting Plaintiff RODI'A

24  MONTERROSO-BRAGG ("BRAGG"), in violation of her rights under the Fourth

25  and Fourteenth Amendments to the Constitution of the United States. Responding

26  to the report of a minor crime and finding an unarmed, subdued, and restrained

27  suspect, BROMBY, without sufficient provocation, cause, or warning, violently

28  threw Plaintiff down to the street.

BROMBY then repeatedly and punitively forced Plaintiff down against the scorching hot asphalt.  Despite the officer's considerable size advantage, he made no attempt to remove Plaintiff from the roadway, and instead pressed her against the hot asphalt, scolding her that "this is what you get."  Her arms blistering from the heat, Plaintiff attempted to lift her body from the asphalt, which appeared to increase the officer's rage and determination that she suffer.  Ignoring her desperate pleas for help, BROMBY held Plaintiff against the hot asphalt for a prolonged period, causing severe burns to her left arm and other burns to her hands and her right arm.

When additional officers arrived on the scene and Plaintiff was handcuffed and placed in a patrol car, the officers made no attempt to examine or treat Plaintiff's burns for several minutes.  This failure to provide medical attention was despite the fact that the officers were aware of her injuries.  Plaintiff, who had been detained for stealing a bottle of juice on a 93° day, was then forced to sit in BROMBY's patrol car for over eleven minutes while at least three officers investigated this minor crime.

As a result of BROMBY's use of excessive force and his unnecessary infliction of physical injury and suffering, Plaintiff endured significant pain and sustained permanent scarring to her left arm, requiring medical treatment.  Moreover, the experience of having been attacked by a member of law enforcement and then left to suffer from untreated burns in the back of the patrol car has caused plaintiff significant emotional distress.

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution.  The court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343.

2. The claims alleged herein arose in the City of El Paso de Robles ("Paso Robles"), County of San Luis Obispo, California. Therefore, venue in the Central District of California is proper pursuant to 28 U.S.C. §1391(b)(2).

<strong>PARTIES</strong>

3. Plaintiff RODI'A MONTERROSO-BRAGG is a citizen of the United States, and a resident of the City of San Luis Obispo, County of San Luis Obispo, and State of California.

4. Defendant JEFFRY BROMBY was an Officer in the Paso Robles Police Department at all times relevant hereto. In committing the acts and omissions alleged hereto, Defendant BROMBY was acting under color of state law and within the course and scope of his employment as an officer in the Paso Robles Police Department. Defendant BROMBY is sued in his official and individual capacities.

5. Defendant CITY OF EL PASO DE ROBLES ("PASO ROBLES") is a public entity, duly organized and existing under the laws of the State of California. Under its authority, Defendant CITY OF PASO ROBLES operates the Paso Robles Police Department.

6. Defendant Former Police Chief LISA SOLOMON was at all times relevant hereto, the Chief of the Paso Robles Police Department. As such, she was the responsible party for supervising the training, instruction, discipline, control, conduct and hiring of Defendant police officers. She was also charged with promulgating all orders, rules, instructions, and regulations of the Paso Robles Police Department including but not limited to those orders, rules, instructions, and regulations concerning the use of force and provision of medical attention to persons detained or placed under arrest by the Paso Robles Police Department. Defendant SOLOMON is sued in her official capacity only.

7. Defendant Acting Police Chief ROBERT BURTON is at all times relevant hereto, the Acting Chief of the Paso Robles Police Department. As such, he is the

1  responsible party for supervising the training, instruction, discipline, control,
2  conduct and hiring of Defendant police officers.  He is also charged with
3  promulgating all orders, rules, instructions, and regulations of the Paso Robles
4  Police Department including but not limited to those orders, rules, instructions, and
5  regulations concerning the use of force and provision of medical attention to
6  persons detained or placed under arrest by the Paso Robles Police Department.
7  Defendant BURTON is sued in his official capacity only.

8      8.  Defendant City Manager JAMES L. APP was at all times relevant hereto,
9  the City Manager for the City of Paso Robles.  As such he is responsible for
10  supervising and informing the City of Paso Robles Police Chief.  Defendant APP is
11  sued in his official capacity only.

12      9.  Plaintiff BRAGG is ignorant of the true names and capacities of defendants
13  sued herein as DOES 1 through 10, and therefore sues said defendants by such
14  fictitious names.  Plaintiff BRAGG is informed and believes and therefore alleges
15  on information and belief, that each of them is responsible in some manner for the
16  injuries and damages alleged herein.  Plaintiff BRAGG therefore sues DOES 1
17  through 10, by such fictitious names and will seek leave to amend this complaint to
18  add their true names when the same have been ascertained.  DOES 1 through 10
19  are sued in their official capacities.

20      10.  At all times mentioned herein, the Defendants named in paragraphs 5
21  through 8, and each of them, acted within the course and scope of their
22  employment.

23      11.  At all times mentioned herein, the Defendants, and each of them, acted
24  under color of state law.

25      12.  Plaintiff BRAGG is informed and believes, and on that basis alleges, that
26  each Defendant acted in concert with and as an agent of each other Defendant.

27

28

# FACTUAL ALLEGATIONS

13. Plaintiff is informed and believes that the temperature in Paso Robles, California on July 30, 2010, was approximately 93 degrees at 2 p.m. The temperature of asphalt exposed to the sun at this time was hot enough to burn human skin given prolonged exposure.

14. Plaintiff is informed and believes that on July 30, 2010, Plaintiff was alleged to have stolen a bottle of juice from the Scolari's Market in Paso Robles. The value of the bottle of juice was $2.99. As she left the store and walked outside, Plaintiff allegedly ignored commands and efforts by two security guards to detain her. Plaintiff was placed in wrist restraints, and seated on the street in front of the store by security guards. The Paso Robles police were then contacted.

15. Plaintiff is informed and believes that at approximately 2 p.m., Defendant BROMBY and Officer David Hernandez were dispatched to the Scolari's Market regarding a report of a shoplifter in custody who had allegedly struggled with store employees.

16. Plaintiff is informed and believes that BROMBY arrived on the scene first. As BROMBY arrived, he was informed by dispatch that "they are not fighting anymore" and Plaintiff could be seen seated on the ground with wrist restraints.

17. Plaintiff is informed and believes that at all times relevant to this action, Defendant BROMBY was at least six feet tall and weighed over 200 pounds.

18. At all times relevant to this action, Plaintiff was approximately five feet, six inches tall and weighed about 145 pounds.

19. Defendant BROMBY's patrol car was equipped with a video and audio recording device, which was turned on at all times relevant to this action.

20. Plaintiff is informed and believes that Defendant BROMBY, without any investigation into the circumstances behind the alleged offense, approached Plaintiff who was still seated on the asphalt. BROMBY asked Plaintiff to place her hands behind her back, which was impossible because of the fact that her hands

1   were restrained in front of her body.  Plaintiff was not wearing shoes, which were

2   located nearby. BROMBY pulled Plaintiff to a standing position exposing

3   Plaintiff's bare feet to the scorching asphalt.

4       21. Her feet burning and still in wrist restraints, Plaintiff began to walk toward

5   her shoes.  Defendant BROMBY pulled Plaintiff towards him as she explained that

6   she needed to get her shoes.  Defendant BROMBY stated "you know what, you're

7   going to go down" and violently slammed Plaintiff to the scorching hot asphalt

8   without any other warning.  As Plaintiff cried out in pain and fear, Defendant

9   BROMBY yelled at her, "you're not going to wrestle with me alright."

10      22. Defendant BROMBY began to attack Plaintiff, forcing her against the

11  scorching asphalt as she cried out in agony and pleaded with him to stop.  Plaintiff,

12  whose entire body was now being burned by the hot asphalt, began to struggle with

13  Defendant BROMBY in an attempt to get off the pavement.  After a brief struggle,

14  Defendant BROMBY subdued Plaintiff face down against the hot asphalt.

15      23. Plaintiff is informed and believes that despite gaining control of Plaintiff,

16  who was in wrist restraints and significantly outmatched in size, Defendant

17  BROMBY pressed Plaintiff against the scorching asphalt for approximately 85

18  seconds.  During this time, Plaintiff begged Defendant BROMBY to stop, telling

19  him that the ground was too hot as she received excruciating burns to her left arm

20  and burns to her hands and her right arm.  Defendant BROMBY refused to let her

21  up, instead responding, "maybe you will learn."

22      24. Plaintiff, in extreme pain and continuing to sustain severe burns, once again

23  attempted to move her body off the blistering asphalt.  Defendant BROMBY

24  became enraged, stating "now you are going to piss me off," and he forced her

25  back onto the scorching asphalt.  Despite hysterical requests to be removed from

26  the baking hot pavement, Defendant BROMBY used his weight to hold Plaintiff

27  against the asphalt for nearly 60 additional seconds.

28

25. Plaintiff is informed and believes that Ofc. Hernandez arrived on the scene at this time and assisted Defendant BROMBY in handcuffing Plaintiff.  BROMBY then fondled Plaintiff's breast and pulled her hair as he lifted her from the road. BROMBY or Ofc. Hernandez noticed Plaintiff's injury at this time, muttering that she had a "road rash."  Sobbing uncontrollably, Plaintiff complied with the officers' commands and was placed in the back of Defendant's BROMBY's patrol car as a witness explained, "it was a bottle of water."

26. Plaintiff is informed and believes that Defendant BROMBY proceeded to interview witnesses, despite noticing the burn injuries to Plaintiff's left arm.  For approximately seven minutes, neither Defendant BROMBY nor Ofc. Hernandez provided any medical attention to Plaintiff as Defendant BROMBY continued to interview witnesses.   Defendant BROMBY also devoted considerable time in his investigation towards justifying his own actions to the witnesses.

27. Plaintiff is informed and believes that about seven minutes after Plaintiff was placed in BROMBY's patrol car with severe burns to her arm, Ofc. Hernandez asked her if the burn on her arm was "from right now."  When Plaintiff answered affirmatively, Ofc. Hernandez stated "Ouch." Ofc. Hernandez then interrupted Defendant BROMBY to suggest that he, Ofc. Hernandez, could take over the investigation due to the fact that Plaintiff had a "real bad rash."  Though BROMBY agreed, he continued on with his investigation for over four more minutes.  During this time, BROMBY joked and laughed with witnesses.  Ofc. Hernandez anxiously stood by, but did not force BROMBY to turn his attention towards helping Plaintiff.

28. In total, Plaintiff sat in the back of Defendant BROMBY's patrol car for over eleven minutes as she suffered from severe burns before finally being transported to the police station where she received first aid.

29. Plaintiff received massive and severe burns to her left forearm, which caused considerable pain and suffering and has resulted in a large permanent scar. Plaintiff has also incurred medical expenses to treat this injury.

30. As a result of the psychological trauma associated with this vicious and unwarranted assault and prolonged exposure to the pain and suffering of severe burns during the events of July 30, 2010, Plaintiff has and continues to suffer from emotional distress, including recurring nightmares and other symptoms of post-traumatic stress disorder ("PTSD").

31. Plaintiff was charged with petty theft, resisting arrest, and battery as a result of the incidents on July 30, 2010.  Plaintiff is informed and believes that the charges for resisting arrest and battery were later dropped because the District Attorney's Office felt the video tape of Plaintiff's arrest demonstrated that Defendant BROMBY had used excessive force.  Plaintiff pleaded guilty to petty theft and disturbing the peace, and was sentenced to community service.

32. Plaintiff is informed and believes that at least several other citizens of the City of Paso Robles had previously filed complaints against Defendant BROMBY regarding the unreasonable use of force or other misconduct, yet BROMBY remained in his position.

33. Plaintiff is informed and believes that Defendant BROMBY was placed on administrative leave by the Paso Robles Police Department in October 2010, and that he resigned from the Paso Robles Police Department for undisclosed reasons on July 30, 2011.

34. Plaintiff is informed and believes that Defendant SOLOMON issued a prepared statement in response to news coverage of the incident on July 30, 2010, in which she stated, "[w]hile the use of force in this case is deemed within policy to gain control of the prisoner, it is unfortunate that it took place on a hot surface. There were other options the officer could have considered in handling the prisoner after the take-down that might have resulted in a better outcome."

35. Plaintiff is informed and believes that between 2007 and 2011, numerous members of the Paso Robles Police Department lodged complaints against Defendant Solomon alleging sexual misconduct, illegal management practices and retaliation in her role as Chief of Police, demonstrating a complete failure of leadership and arbitrary supervision within the Paso Robles Police Department.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Violation of the Fourth and Fourteenth Amendments to the Constitution:**
**Unlawful Search, Seizure, and Arrest by Use of Excessive**
**and Unlawful Force on July 30, 2010**
**(Against Defendant BROMBY**
**in his individual and official capacity)**

For her cause of action against Defendant BROMBY, Plaintiff states:

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 of this complaint as though fully set forth therein.

37. On July 30, 2010, as described above at paragraphs 13 through 30, Defendant deprived Plaintiff of her clearly established right to be free from unjustified and excessive force utilized by police officers, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, Defendant BROMBY violated Plaintiff BRAGG's constitutionally protected rights by:

    a. Failing to give Plaintiff sufficient time to respond to his command before violently throwing Plaintiff to the ground;

    b. Inflicting severe injury upon Plaintiff that was grossly disproportionate to the alleged criminal offenses and force necessary to arrest Plaintiff;

    c. Provoking or precipitating a struggle with Plaintiff by holding Plaintiff against scorching hot asphalt repeatedly and for an unnecessary length of time, resulting in prolonged exposure to injury;

d. Failing to provide timely medical assistance to Plaintiff despite obvious and severe burns to Plaintiff's arm, resulting in prolonged exposure to injury and suffering.

38. Defendants deprived Plaintiff of her clearly established right to be free from unjustified and excessive force utilized by police officers, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was damaged by reason thereof in at least the following respects:

a. Physical pain and suffering;

b. Permanent injury to Plaintiff's person;

c. Emotional pain and suffering.

39. Plaintiff BRAGG was subjected to the deprivation of rights by Defendant BROMBY, acting or pretending to act under color of state law and of statutes, or ordinances, regulations, customs and usages of the law of the United States, State of California and of the County of San Luis Obispo which rights include, but are not limited to, privileges and immunities secured to Plaintiff BRAGG by the Constitution and laws of the United States.  By reason of the acts specified herein Defendant BROMBY violated the constitutional rights of Plaintiff BRAGG, including those provided in the Fourth and Fourteenth Amendments to the U.S. Constitution.

40. As a direct and proximate result of this conduct, Plaintiff BRAGG has suffered and will continue to suffer from psychological harm, mental distress, humiliation, embarrassment, and fear and has suffered personal injury and emotional distress and incurred general damages for the deprivation of her constitutional rights, including but not limited to medical expenses.

WHEREFORE, Plaintiff BRAGG prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Violation of the Fourth and Fourteenth Amendments to the Constitution:

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 10

### Failure to Adequately Supervise and Train Paso Robles Police Department Officers
### (Against Defendants CITY OF PASO ROBLES, SOLOMAN, BURTON, APP and DOES 1 through 10 in their official capacities)
### (*Monell* Claim)

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 of this complaint as though fully set forth herein. The allegations contained in paragraphs 42 through 43 below will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

42. Defendants CITY OF PASO ROBLES, SOLOMAN, BURTON, APP and DOES 1 through 10, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiff's rights, proximately caused Plaintiff to be deprived of her constitutional rights including but not limited to the Fourth and Fourteenth Amendments to the United States Constitution, by:

    a. Failure to adequately screen candidates for employment as Police Officers with regard to past allegations of misconduct while employed by other law enforcement agencies;

    b. Failure properly to supervise the training and conduct of Defendant BROMBY despite constructive or actual knowledge of unlawful actions by Defendant BROMBY;

    c. Failure to appoint, promote, train, supervise and discipline Police Officers, including Defendant BROMBY, who enforce the laws in effect in the City of Paso Robles and who would protect the constitutional rights of the people of the City of Paso Robles;

    d. Failure properly and adequately to train the officers in the Paso Robles Police Department, including Defendant BROMBY, in the use of force against citizens during the course of investigation and arrest;

    e. Failure properly and adequately to train the officers in the Paso Robles Police Department, including Defendant BROMBY, regarding the provision of medical care to citizens injured during arrest;

  f. Failure to enforce the provisions of the Constitution of the United States concerning the use of force against citizens and provision of medical care to citizens injured during arrest;

  g. Maintaining a policy and custom of using excessive force against citizens and failing to provide medical care to citizens injured during arrest;

  h. Failing to address this failure despite being informed of such policy and custom; and

  i. Failing to issue any policy whatsoever, or issuing vague, confusing, and contradictory policies, concerning the use of force against citizens and provision of medical care to citizens injured during arrest, inconsistent with the requirements of the Fourth and Fourteenth Amendments to the United States Constitution.

43. As a proximate result of the conduct of these Defendants, Plaintiff BRAGG has suffered and will continue to suffer from physical injury, psychological harm, mental distress, humiliation, embarrassment and fear and has suffered personal injury and emotional distress and incurred general damages for the deprivation of her constitutional rights including those damages pled in paragraph 38 above.

WHEREFORE, Plaintiff BRAGG prays for relief as set forth below.

## PRAYER FOR RELIEF

Wherefore, Plaintiff BRAGG prays for judgment against Defendants as follows:

1. For compensatory damages in an amount according to proof;

2. For punitive damages against individual defendants only, in amounts according to proof;

3. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and as otherwise authorized by statute or law;

4. For costs of suit;

5. Declaratory and injunctive relief; and

6. For such other and further relief as the court deems just and proper.

Dated this 17th day of July, 2012.

Respectfully submitted,

David S. Vogel
Mark R. Feeser
Attorneys for Plaintiff
RODI'A MONTERROSO-
BRAGG

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated this 17th day of July, 2012.

Respectfully submitted,

David S. Vogel
Mark R. Feeser
Attorneys for Plaintiff
RODI'A MONTERROSO-
BRAGG

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV12- 6192 GHK (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

Name & Address:
David S. Vogel
Law Offices of David S. Vogel
1026 Palm Street, Suite 214
San Luis Obispo, CA  93401

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| RODI'A MONTERROSO-BRAGG<br><br>PLAINTIFF<br><br>v.<br><br>Officer JEFFRY BROMBY; CITY OF EL PASO DE ROBLES (hereinafter "PASO ROBLES"); Acting Police Chief ROBERT BURTON; Former Police Chief LISA SOLOMON; City Manager JAMES L. APP, and DOES 1 through 10, inclusive,       DEFENDANTS | CV12-6192-GHK(VBK)<br><br>SUMMONS |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ ~~90~~ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _David S. Vogel_____, whose address is _1026 Palm Street, Suite 214, San Luis Obispo, CA  93401_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JUL  1 8 2012_____

By: _____
           Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                              SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Rodi'a Monterroso-Bragg

**DEFENDANTS**
Ofc. Jeffry Bromby; City of El Paso de Robles; Acting Police Chief Robert Burton; Former Police Chief Lisa Solomon; City Manager James App, and Does 1-10.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David S. Vogel, Law Offices of David S. Vogel, 1026 Palm Street, Suite 214, San Luis Obispo, CA, 93401, (805) 540-7100; Mark R. Feeser, 3940-7174 Broad Street, San Luis Obispo, CA 93401, (805) 542-0189

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No        ☑ MONEY DEMANDED IN COMPLAINT: $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 1983; Police officer's use of excessive force against plaintiff; Monell claim for inadequate training and supervision

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV |  | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise |  | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee |  |  | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**FOR OFFICE USE ONLY:**   Case Number: **CV12-6192**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, *and* one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date July 17, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |